MANDATE

07-5687-cv
Ibarzabal v. Morgan Stanley DW

SDNY (WPM)
07.cv.2273
Robinson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of June, two thousand nine.

PRESENT:
    HON. RALPH K. WINTER
    HON. ROBERT D. SACK,
        <u>Circuit Judges</u>.
    HON. BRIAN M. COGAN,
        <u>District Judge</u>.*

---

JOE IBARZABAL, JENS CHRISTIAN SORENSEN, BILLY F. ADAMS, MACK D. YOAKUM, L. VERMELL YOAKUM, PATSY D. DEVEAU and ESTATE OF CHARLES DEVEAU, on behalf of themselves and all others similarly situated,

    <u>Plaintiffs-Appellants</u>,

- v -                      No. 07-5687-cv

MORGAN STANLEY DW, INC.,

    <u>Defendant-Appellee</u>.

---

    * The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: JUL 0 8 2009

| | | |
|---|---|---|
| Appearing for Appellant: | | Christopher J. Gray, Christopher J. Gray, P.C., New York, NY (Donald M. Feferman, Donald M. Feferman, P.C., Corpus Christi, TX; Steve A. Buchwalter, Law Offices of Steve A. Buchwalter, Encino, CA; Kirk G. Smith, Shepherd Smith & Edwards LLP, Houston, TX; Louis F. Burke, Louis F. Burke, P.C., New York, NY, on the brief). |
| Appearing for Appellee: | | Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison LLP (Farrah R. Berse, of counsel), New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Stephen C. Robinson, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

The plaintiffs appeal from the district court's dismissal of their putative class action pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and procedural history of this case, and the issues on appeal.

The district court correctly concluded that the plaintiffs' claims are barred by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which ordinarily provides the exclusive remedy for parties seeking to challenge an arbitral award or the process that led to that award. See Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1086 (2d Cir. 1993) (per curiam); Corey v. New York Stock Exchange, 691 F.2d 1205, 1210 (6th Cir. 1982). While this Court did establish a limited exception to that rule in Mian, it hinged on the specific nature of 42 U.S.C. § 1981, the statute on which the claim in that case was based. Section 1981 "prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race, and . . . covers wholly private efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes." Mian, 7 F.3d at 1087 (alterations and internal quotation marks omitted). The plaintiffs do not assert any claims under Section 1981 or any analog to it, and we have been given no reason to expand Mian's narrow exception to apply to the claims brought here.

We also agree with the district court that we need not reach the question of whether the relevant provisions of the FAA apply only to arbitration proceedings that were resolved by an "award" of an arbitrator and not to those that ended with a negotiated settlement. Even if this were the case, the settling plaintiffs in this case all signed releases relinquishing any and all future claims, even though they had already been informed that Morgan Stanley might be in possession of additional emails relevant to their proceedings. The defendants therefore must prevail against the settling plaintiffs based on the affirmative defense of release.

In general we do not require plaintiffs to anticipate affirmative defenses in formulating a complaint, see Gomez v. Toledo, 446 U.S. 635, 640 (1980) (discussing affirmative defense of qualified immunity); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998) (citing examples relating to res judicata, statute of limitations, and qualified immunity), and we have at times remanded, as the plaintiffs here request, to allow a plaintiff to amend his or her complaint to defend against the affirmative defense of release, see Neeff v. Emery Transp. Co., 284 F.2d 432 (2d Cir. 1960). But in the circumstances presented, we agree with the district court that any further effort to amend the complaint would be futile. Morgan Stanley filed a supplemental pre-motion conference letter on April 30, 2007, advising the court (and the plaintiffs) of their intention to move for dismissal on the ground of release. The plaintiffs amended their complaint two weeks later, on May 14, 2007, yet did not make any assertions that, if proved, would have defeated the defense of release.

The claims here are therefore barred by the FAA or by the releases.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of the Court

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
DEPUTY CLERK